IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF MISSOURI

| RESTORE KCMO, LLC | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | CASE NO. 4:21-cv-00429 |
| v. | ) ) ) | |
| GREAT LAKES INSURANCE SE | ) ) | JURY TRIAL REQUESTED |
| Defendant. | ) | |

## PLAINTIFF'S AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, RESTORE KCMO, LLC, by and through undersigned counsel, and for Plaintiff's Amended Complaint against Defendant, Great Lakes Insurance SE, states and alleges as follows:

### PARTIES

1. Plaintiff Restore KMCO, LLC is a Missouri limited liability company with a principal place of business in Missouri.

2. Defendant Great Lakes Insurance, SE ("Great Lakes") is a foreign authorized insurance company incorporated in and having its principal place of business in Munich, Germany. Defendant has made an appearance in this case and may be served via its attorney of record.

### JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action pursuant to *28 U.S.C. §1332(a)(1)* because of the diversity of citizenship of the parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

1

4. An actual justiciable controversy exists between the Plaintiff and Defendant within the meaning of *28 U.S.C. §2201-2202* regarding whether Defendant has breached its duties to the Plaintiff in violation of the express terms, conditions and provisions of the subject policy as more particularly described below.

5. Venue is proper in this Court pursuant to *28 U.S.C. § 1391* in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

6. Plaintiff owns the property at issue (the "Property"), which is located at 11214 Herrick Avenue, Kansas City, Missouri.

7. Defendant is an insurance provider selling insurance policies and related coverage within the State of Missouri. Defendant sells such policies through its authorized agents.

8. Plaintiff purchased a policy of insurance from Defendant (the "Policy"), which was in full force and effect at all times material hereto [*See* Exhibit A, attached and fully incorporated by reference].

9. Pursuant to its obligation as a policyholder, Plaintiff made complete payments of all related insurance premiums in a timely fashion.

10. Defendant issued the Policy to the Plaintiff whereby Defendants promised to insure Plaintiff against direct physical loss to the Property resulting from any peril not otherwise excluded within the Policy.

11. On or about January 27, 2020, Plaintiff sustained a direct, physical loss to the Property resulting from a pipe rupture and accidental discharge, which are not excluded within the Policy (the "Loss"). The Policy was in full force and effect at the time of the Loss.

12. Plaintiff promptly and properly made claim to Defendant for insurance benefits under the Policy and has fulfilled all other post-loss duties required of Plaintiff under the Policy.

13. On or about March 5, 2020, Plaintiff acquired an estimate for the repair to the damages to the Property in the amount of $81, 654.77, and forwarded said estimate to Defendant. The value of the Property has also diminished by an amount to be determined by a jury.

14. On or about March 25, 2020, Defendant completed its inspection of the Property.

15. On or about March 31, 2020, Plaintiff sent a photo report to Defendant which documented the damages to the Property, and Defendant re-inspected the property on or about April 14, 2020.

16. On June 6, 2020, Defendant issued a denial of Plaintiff's claim, citing various exclusions.

17. The damages to Plaintiff's Property were not caused by the acts or omissions of Plaintiff.

18. The damages to Plaintiff's Property and the cause of same are of the kind specifically covered in Plaintiff's policy.

19. The damage to Plaintiff's Property occurred during the applicable policy period.

20. Plaintiff's written demand for settlement was propounded on Defendant, pursuant to the contract and §375.296 R.S.Mo.

## I. COUNT I
## BREACH OF CONTRACT

21. Plaintiff adopts and incorporates herein by reference the preceding allegations as if same were hereinafter fully set forth.

22. Plaintiff entered into a valid and enforceable written insurance contract with Defendant pursuant to the laws of Missouri. The contract outlined obligations to be performed

3

by both Plaintiffs and Defendants, including but not limited to, Plaintiff paying policy premiums for insurance coverage, and Defendant then providing said coverage for claims in the event of covered damage. Plaintiff fully performed its contractual obligations by making policy premium payments and timely reporting covered losses upon discovery, as required by the insurance contract with Defendant.

23. All conditions precedent have been performed or have occurred as required by the Policy.

24. The Policy provided coverage for all losses or damages resulting from direct physical losses unless specifically excluded.

25. On or about January 22, 2020, a covered loss occurred, which resulted in severe damage to the Property.

26. The cause of the property losses and damages is not an excluded item or condition under the terms of the Policy.

27. Pursuant to the parties' written insurance contract, Defendant has a contractual obligation to pay the full amount of the Loss, including the costs to repair, restore and/or replace the damage to the Property less any applicable deductible.

28. Plaintiff complied with the terms, conditions, and provisions of the Policy including, but not limited to, fully cooperating with Defendant's informal requests to provide documents, access for inspections, statements to inspectors, and preliminary estimates to Defendant.

29. Defendant failed to conduct a reasonable investigation of Plaintiff's covered claims under the Policy. Ultimately, Defendant performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased, and inequitable evaluation of Plaintiff's losses.

30. Defendant breached the parties' written insurance contract by failing to pay Plaintiff all benefits due and owing under the Policy and there remain benefits due and owing to Plaintiff.

31. As a result of the above issues, Plaintiff did not receive the coverage for which it had originally contracted with Defendant. Unfortunately, Plaintiff has therefore been forced to file this suit in order to recover damages arising from the above referenced breach of contract, as well as the unfair refusal to pay insurance benefits.

32. As a proximate cause of Defendant's breach of contract, Plaintiff has suffered substantial contractual damages, and is further entitled to additional consequential damages.

WHEREFORE, Plaintiff prays this Court enter judgment in its favor on Count I, that it award fees and damages as determined by a jury, and for such other relief as the Court deems just and proper.

## COUNT II
## VEXATIOUS REFUSAL

33. Plaintiff incorporates paragraphs 1 – 20 as is fully incorporated below.

34. Defendant has an ongoing contractual duty to Plaintiff to investigate and settle Plaintiff's claim in a timely fashion.

35. Defendant also has a statutory duty to investigate and settle Plaintiff's claim.

36. Plaintiff has made good faith demand for settlement pursuant to the subject insurance contract and §375.296 and has further provided all necessary documents requested by Defendant.

37. Defendant has failed to properly investigate and settle Plaintiff's claim.

38. Defendant has long known of all of Plaintiff's damages regarding the present claim, but has improperly investigated and evaluated same, failing to pay the total sum owed.

39. Plaintiff has incurred additional economic damages and attorney's fees as a result of Defendant's vexatious refusal.

40. Plaintiff seeks recoupment of interest as well as its attorney's fees in an amount to be determined by a jury.

WHEREFORE, Plaintiff prays this Court enter judgment in favor of Plaintiff on Count II, that it award fees and damages as determined by a jury, and for such other relief as the Court deems just and proper.

## **CONCLUSION**

Plaintiff prays that judgment be entered against Defendant, that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, penalty damages, reasonable and necessary attorney fees, court costs, and for all such other further relief, whether pled or unpled within this Original Complaint, to which Plaintiff may be justly entitled.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL TRIABLE ISSUES**

Respectfully submitted,

_____
Scott G. Hunziker
Missouri Bar No. 50400
Zerbe, Miller, Fingeret, Frank & Jadav
3009 Post Oak Blvd., Suite 1700
Houston, TX 77056
Telephone: (713) 350-3523
Facsimile: (713) 350-3607
shunziker@ZMFLaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

    I hereby certify that on the July 2, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Dallas, using the electronic case filing system of the court and served counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Scott G. Hunziker*

Scott G. Hunziker